MICHAEL FORTE, Appellant, v SWISS CAPITAL LTD., Defendant, and HAROLD L. GOERLICH, Respondent.—In an action to recover amounts allegedly due under a lease, plaintiff appeals from an order of the Supreme Court, Nassau County, dated September 9, 1974, which (1) granted respondent's motion to vacate a default judgment (taken against him by judgment of the same court) dated April 11, 1974, and (2) denied a motion to punish respondent for contempt. Order modified by (1) deleting therefrom the provision granting the motion to vacate the default judgment and substituting therefor a provision that the said motion is denied and (2) striking the word "accordingly" from the provision that the motion to punish respondent for contempt is "denied" and adding thereto, immediately after the word "denied", the following: "on condition that defendant Harold L. Goerlich appear for examination pursuant to a subpoena to take his deposition as a

878

judgment debtor, which subpoena is dated April 16, 1974." As so modified, order affirmed, with $20 costs and disbursements to plaintiff against respondent. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such time and place as the parties may agree. In August, 1972 plaintiff instituted this action, which is based upon a commercial lease. Defendants served their answer 21 days after service upon them of the summons and complaint. Plaintiff thereupon entered a default judgment in the amount of $18,599.83. Respondent's motion to vacate the default judgment as to him was granted by order dated September 29, 1972, with the judgment to remain as security. Since that time, respondent has defaulted on virtually all matters concerning this litigation. He has failed to appear at examinations before trial, failed to serve a bill of particulars, and failed to appear at the Trial Calendar call of this action on February 4, 1975, the fifth time the case appeared on the Trial Calendar. He has constantly awaited the eleventh hour before asking plaintiff for adjournments, always claiming a more pressing engagement elsewhere. Upon respondent's failure to appear on February 4, an inquest was directed, and the second default judgment was subsequently entered. Plaintiff then served a subpoena, answerable on May 7, 1974, to take respondent's deposition as a judgment debtor and for the production of certain financial records. On the day scheduled for the examination, respondent, rather cavalierly, had his secretary call plaintiff and ask for an adjournment to May 28 because he was engaged in another matter in Queens County. Plaintiff then moved to hold respondent in contempt. Respondent countered by moving, by order to show cause, for the vacatur of the default judgment. Special Term granted respondent's application but imposed no costs, noting that "the Court will permit him his day in court". The record indicates that respondent has had more than an adequate opportunity for his day in court. This is the second default judgment vacated in this action. Respondent, an attorney, has, at each stage of the litigation, either defaulted or, at the eleventh hour, requested an adjournment. His failure to appear at the February 4 calendar call, coupled with his prior conduct, evidences a flagrant disregard of the judicial process and does not constitute excusable neglect. Similarly, he has failed to show a meritorious defense. His papers are replete with conclusory statements which simply recite the affirmative defenses, with no facts shown in support thereof. Hopkins, Acting P. J., Martuscello, Christ, Munder and Shapiro, JJ., concur.